**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**LA-TONYA MANIGAULT**                                                      Plaintiff,

vs.                                                             Case No.07-CV-4091

**AKAL SECURITY, INC.**
                                                                            Defendant.

### AMENDED COMPLAINT

**COMES NOW**, LA-TONYA MANIGAULT, by and through one of her attorneys, Peter Charles Rombold of Hoover Law Firm, and for his Complaint over and against Defendant states and alleges as follows:

1. Plaintiff is an individual residing in the State of Kansas in the County of Geary.

2. Defendant, AKAL Security, Inc. is a foreign corporation who has designated the Corporation Company, Inc. at 515 S. Kansas Avenue, Topeka 66603 as its agent for purposes of receipt and service of process.

3. Plaintiff brings this action to recover unpaid overtime compensation, liquidated damages, and attorney's fees and costs pursuant to provisions of Section 16B(b) on the Fair Labor Standards Act of 1938 as amended (29 U.S.C. 216(b) hereinafter sometime referred to as the Act).

4. This Court possesses personal jurisdiction over the parties.  Subject matter jurisdiction over this claim is conferred on this Court by 29 U.S.C. 216(b) and pursuant to the provisions of 28 U.S.C. 1337 relating to any civil action or proceeding arising under any act of congress regulating commerce.

AMENDED COMPLAINT              -2-

5.     Defendant, was the "employer" of Plaintiff as that term "employer" is defined by 29 U.S.C. 203(d) and Plaintiff was Defendant's "employee" as that term is defined by 29 U.S.C. 203(e)(1).

6a.    Plaintiff was employed by Defendant as "Security Officer" at Ft. Riley, Kansas at an hourly rate of $14.33 per hour for forty hours per week until September 15, 2006.

6b.    Plaintiff took a two (2) week leave of absence, while working full time for Defendant, when Plaintiff's husband returned from Iraq.

6c.    From and after September 15, 2006 Plaintiff was employed part time until she was terminated on December 24, 2006.

### COUNT I

**COMES NOW**, Plaintiff, and for her cause of action over and against Defendant for unpaid wages pursuant to the Fair Labor Standards Act, incorporates by reference as fully as if set out in length herein paragraphs one (1) through six (6) above and furthermore states and alleges as follows:

7.     Plaintiff was employed by Defendant as an armed Security Officer from March 19, 2004 through December 24, 2004 at Ft. Riley, Kansas.

8.     On or before April 17, 2004, after an approximately thirty day training period, Defendant required Plaintiff to report for duty thirty minutes prior to commencement of her shift, during which time Plaintiff received his weapon and participated in "guard mount," when she was briefed for the day.

9.     Upon the termination of her shift, Defendant was not free to leave her duty station until Defendant transported her back to Defendant's armory, where Defendant stood in line until

AMENDED COMPLAINT             -3-

it was her turn to clear and turn in her weapon and other equipment.  On the average this required 45 minutes per shift.

10. Defendant did not pay Plaintiff either for the thirty minute, pre-shift "guard mount" periods, or the post-shift period described in ¶ 9 above.

11a. As a result of Defendant's failure to pay Plaintiff as set forth above, Defendant owes Plaintiff overtime compensation for hours worked from April 17, 2006 through September 15, 2006 (less two (2) weeks leave) in excess of 40 hours per week pursuant to Section 207(a)(1) the Act in the amount of $2,006.00.

11b. Also as a result of Defendant's failure to pay Plaintiff as set forth above, Defendant owes Plaintiff overtime compensation for hours worked from September 15, 2006 until her termination on December 24, 2006 in the amount of $1,274.00.

12. Plaintiff has made demand upon Defendant for payment of overdue compensation, but Defendant has neglected, failed or refused to pay Plaintiff as requested.

13. In addition to compensation for overtime wages not paid, Plaintiff seeks liquidated damages in an amount equal to the amount of overtime wages due and owing of $3,280.40, together with attorneys fees incurred.

**WHEREFORE**, Plaintiff prays for judgment over and against Defendant for overtime compensation due in the amount of $3,280.40, liquidated damages in the amount of $3,280.40 and attorney's fees incurred.

AMENDED COMPLAINT                -4-

/s/ Peter Charles Rombold
Attorney for Plaintiff
Ks. S. Ct. No. 11539
HOOVER, SCHERMERHORN,
EDWARDS, PINAIRE & ROMBOLD
811 North Washington Street
Junction City, KS  66441
Attorneys for Plaintiff
(785) 238-3126
(785) 238-1717 (fax)
E-mail:rombold@hooverlawfirm.com

APPROVED:


/s/      La-Tonya Manigault
Plaintiff

## Designation of Place of Trial

    Comes Now Plaintiff, by and through one of her attorneys, Peter Charles Rombold, of Hoover, Schermerhorn, Edwards, Pinaire & Rombold and on behalf of Plaintiff hereby demands trial on the Complaint in Topeka, Kansas.

                                                              /s/      Peter Charles Rombold, #11539

PR:Manigault.Complaint